IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | 8:15CV221 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| WALMART, WALMART | ) | |
| SUPERCENTER, and WALMART | ) | |
| STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Beatrice Hudson filed her Complaint (Filing No. 1) on June 15, 2015. Thereafter, Hudson filed an Amended Complaint (Filing No. 9) on August 3, 2015. This court has given Hudson leave to proceed in forma pauperis in this case. The court now conducts an initial review of Hudson's Complaint and Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

### I. SUMMARY OF COMPLAINT

Hudson, a black female, alleged in her Complaint that she routinely shopped at a Walmart Supercenter located at 4700 North 27th Street in Lincoln, Nebraska. Hudson alleged the store's policy dictates that "no purchase [is] necessary" in order to shop there. (Filing No. 1 at CM/ECF p. 2.) On February 17 or 18, 2015, she fell asleep inside the store while waiting for a bus. Two "white Lincoln cops" and a "white female" employee of the store awoke her and informed her that she was "banned and barred" from all Walmart stores for sleeping and for "entering with or without a purchase." (Filing No. 1 at CM/ECF pp. 2, 4.)

Hudson raised substantially the same allegations in her later-filed Amended Complaint. However, Hudson clarified that the incident at Walmart occurred on February


17, 2015. In addition, Hudson alleged that an asset manager "harassed" her while she shopped at this same Walmart. The asset manager claimed to be suspicious of Hudson because Hudson was carrying empty Walmart bags throughout the store. The asset manager informed Hudson that she needed to make a purchase or leave the store. (Filing No. 9 at CM/ECF pp. 6-8.) It is not clear from Hudson's allegations when this incident with the asset manager occurred.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court reviews in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973

(8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION OF CLAIMS

Liberally construed, Hudson alleged Walmart discriminated against her on the basis of race in violation of 42 U.S.C. §§ 2000a and 1981.  Hudson has not stated a claim for relief under either section because the court cannot reasonably conclude from Hudson's allegations that Walmart or its employees discriminated against her on the basis of race.

Section 2000a provides that "[a]ll persons shall be entitled to be free, at any establishment or place, from discrimination or segregation of any kind on the ground of race, color, religion, or national origin, if such discrimination or segregation is or purports to be required by any law, statute, ordinance, regulation, rule, or order of a State or any agency or political subdivision thereof."  42 U.S.C. § 2000a-1.

In pertinent part, section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory *to make and enforce contracts*."  42 U.S.C. § 1981(a) (emphasis added).  The language, "make and enforce contracts," includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  Section 1981's purpose is to "prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual

3

relationship.'" *Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002) (quoting 42 U.S.C. § 1981(b)).

Hudson's assertions that she was harassed while shopping and later barred from Walmart because of her race are insufficient to state a claim for relief under § 2000a or § 1981. There are simply no allegations of disparate treatment. Rather, Hudson alleged she fell asleep at Walmart and was then banned "for sleeping and entering with or without a purchase." (Filing No. 1 at CM/ECF p. 3.) Hudson's conclusory allegations of racial animus are insufficient to state a claim that is plausible on its face. Similarly, for these same reasons, any claims Hudson intended to raise under Nebraska's laws prohibiting discriminatory public accommodations also fail. *See* Neb. Rev. Stat. § 20-132 ("All persons within this state shall be entitled to a full and equal enjoyment of any place of public accommodation, as defined in sections 20-132 to 20-143, without discrimination or segregation on the grounds of race, color, sex, religion, national origin, or ancestry.").

On the Court's own motion, Hudson will be given an opportunity to file a second amended complaint that states a claim upon which relief may be granted. The Court will dismiss this case without further notice if Hudson fails to file a second amended complaint within the period of time specified below. Accordingly,

IT IS ORDERED:

1. Hudson will have 30 days to file a second amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this order. If Hudson fails to file an amended complaint, the Court will dismiss this action without further notice. **To avoid confusion,**

**any document Hudson sends to the clerk of the Court for filing in this case must clearly display the case number.**

2. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: November 30, 2015: check for second amended complaint.

3. The Court reserves the right to conduct further review of Hudson's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this order.

DATED this 2nd day of November, 2015.

                BY THE COURT:

                s/Laurie Smith Camp
                Chief United States District Judge